IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILIA LARIONOV, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 22-656-RGA |
| | : | |
| ARTIKTURE, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 23rd day of September, 2022;

1. On August 29, 2022, the Court entered an order for Plaintiffs to show cause, on or before September 16, 2022, why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 7). Plaintiffs did not respond to the show cause order.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiffs to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4. Several factors warrant the sanction of dismissal including Plaintiffs having taken no action since they filed a notice of voluntary dismissal against Defendant Shopify, Inc. on May 31, 2022. (D.I. 4). In addition, Plaintiffs have not served the remaining Defendant as required by Fed. R. Civ. P. 4(m), they failed to file a response to the August 29, 2022 show cause order, and apparently have abandoned the case.

THEREFORE, it is Ordered that:

1. The Complaint is **DISMISSED** without prejudice for Plaintiffs' failure to prosecute this case.

2. The Clerk of Court is directed to **CLOSE** the case.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE